**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **MANUEL DELGADO** | : |
| | : |
| Petitioner, | : CIVIL ACTION NO. 03-00393-WS-B |
| | : CRIMINAL ACTION NO. 98-00216-WS-B |
| vs. | : |
| | : CIVIL ACTION NO. 03-00394-WS-B |
| **UNITED STATES OF AMERICA,** | : CRIMINAL ACTION NO. 00-00152-WS-B |
| | : |
| Respondent. | : |

**REPORT AND RECOMMENDATION**

Manuel Delgado, a federal prisoner currently incarcerated in El Paso, Texas, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. §2255. Delgado has filed two separate actions, 03-00393, which challenges his sentence in criminal action No. 98-00126, and 03-00394, which challenges his sentence in criminal action No. 00-00152. Petitioner has also filed motions to consolidate his habeas actions, and to amend his petitions. (Docs 300, 308, 309). These actions have been referred to the undersigned for disposition pursuant to 28 U.S.C. §636(b)(1)(B).

Following careful review of Petitioner's petitions, motions, and memorandums in support, and the Government's response, the undersigned finds that there are sufficient facts and information upon which the issues under consideration may be properly resolved. Therefore, no evidentiary hearing is required. See Kelley v. Secretary for Dept. Of Corrections, 377 F.3d 1317 (11th Cir. 2004).

**FACTUAL BACKGROUND**

Manuel Delgado ("Delgado") plead guilty in January 1999, to one count of conspiracy to possess with the intent to distribute marijuana, in violation of 21 U.S.C. §846. (Doc. 131). While free on bond pending sentencing, Delgado absconded and failed to appear for sentencing. Upon his return to custody, Delgado was charged in a new indictment with failure to appear for sentencing

in violation of 18 U.S.C. § 3146.  He plead guilty to the new charge, and the Court set both cases for a sentencing hearing on August 21, 2001.  The Court adopted the Presentence Investigation Report in Criminal Action No. 98-216 (drug offense), which placed the total offense level at 32, the criminal history category at II, and the guideline range for imprisonment at 135 to 168 months. (Sentencing Transcript, p. 27).  The Court also adopted the Presentence Investigation Report ("PSI Report") in Criminal Action No. 00-152 (failure to appear), which placed the total offense level at 15, criminal history category at I, and the guideline range for imprisonment at 18 months to 24 months.  (Id.).  The Court noted that under the guidelines, the cases had to be combined, and that the total sentence could not exceed 168 months.  The Court then sentenced Petitioner to 150 months in Criminal Action No.  98-216 (drug offense), and 18 months in Criminal Action No. 00-152 (failure to appear), said terms to be served consecutively. (Id.) .  The Court expressly noted that the sentence imposed addressed the seriousness of the offense and the sentencing objectives of punishment, deterrence and incapacitation. (Id. at p. 28).

  Delgado timely appealed his sentencing in both cases, and argued that the sentencing court erred in applying a two-point enhancement to his criminal history in the absence of credible evidence that he participated in a conspiracy while on community supervision, and that the sentencing court  failed to state reasons for attributing a large amount of drugs to him.  The appeals court consolidated the actions, and issued a decision affirming Delgado's sentences.  The appeals court  concluded that the sentencing court did not err in adding two points to Delgado's criminal history based on the agent's testimony, and the fact that Petitioner did not object to the inclusion of such facts in the PSI Report.  The  appeals court further concluded that the trial court did not err in the amount of drugs attributed to Petitioner as he did not object to said amounts in the PSI Report, nor did he offer any evidence at his sentencing to refute the evidence contained in the PSI Report.

  Delgado then filed the instant Motions to Vacate, Set Aside, Or Correct Sentences in both

cases. Delgado argues that the sentencing court failed to state the reasons for selecting the mid-level of the range for his drug sentence, and that the sentencing court erred in giving him a consecutive sentence for the failure to appear charge because it had already enhanced his underlying drug offense for the same conduct. Delgado also requested that his two habeas actions be consolidated.

Delgado later sought to amend his petitions to allege that he was provided ineffective assistance of counsel at the sentencing and during his appeal. According to Delgado, his trial counsel failed to request that the sentencing court explain the reasons why he was sentenced to 150 months for the drug offense, in violation of §3553, and his appellate counsel did not raise the trial court's error on appeal. Delgado also asserted that trial counsel was ineffective because Petitioner was enhanced two points for obstruction of justice for failing to appear in Criminal Action No. 98-216 (drug offense), and was sentenced for the same conduct in Criminal Action No. 00-152 (failure to appear). Delgado contends that appellate counsel was ineffective because he failed to raise the issue of double jeopardy and incorrect use of the guidelines.

After obtaining counsel, Delgado sought to amend his petitions yet again. According to Delgado's counsel, Petitioner's habeas claims fall into "three major axes": 1) his lawyer's failure to object to the Court's failure to follow 18 U.S.C. 3553(c)(1) and give a written explanation for its mid-range sentence where the guideline ranges exceeded 24 months; 2) that there was double counting and/or an inappropriate sentence where Petitioner received obstruction enhancements and a sentence for failure to appear, and 3) that his sentence should only have been one combined sentence. (Petitioner's Response to Respondent's Answer, p. 2).

**MOTIONS TO CONSOLIDATE**

As noted supra, Delgado has filed motions to consolidate his habeas actions. (Doc. 300,

Doc. 36). Both petitions involve identical facts, and contain related allegations of error by the sentencing court in calculating and imposing Delgado's sentences, as well as alleged errors by Petitioner's trial and appellate counsel. Given the identical facts presented, the interrelatedness of the claims raised, the fact that the sentencing court consolidated Delgado's criminal cases for sentencing, and the lack of any objections from Respondent, Petitioner's motion to consolidate his petitions under §2255 is **GRANTED.**

**MOTIONS TO AMEND**

Delgado has also filed various motions to amend his original habeas petitions. Rule 15 of the Federal Rules of Civil Procedure is generally applied to amendments to petitions filed under Section 2255. Rule 15(a) provides that leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment. In Respondent's response, it concedes that Delgado's original petitions, and his first motions to amend were timely filed. Additionally, while Respondent argues that those amendments filed on May 12, 2005, and June 3, 2005, were filed almost a year too late, since they were filed more than a year after Delgado's conviction became final, it acknowledges that the amendments merely renew or clarify issues raised in Delgado's original petitions and his first amendments. Accordingly, Petitioner's motions to amend are **GRANTED[1].**

---

[1] When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances." U.S. v. Hands, 2005 WL 11832313 S.D. Ala., 2005, citing U.S. v. Pittman, 209 F.3d 314, 316-17) (4th Cir. 2000). Relation back is permissible only when "the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." McLean v. U.S., 2005 WL 2172198 (11th Cir. 2005) quoting Mayle v. Felix, 125 S.Ct. 2562 (2005). An amendment may relate back to the original pleading and cause an otherwise untimely claim to be considered timely when the claim asserted in the amended pleading arose

**Habeas Standard**.

Respondent asserts, and Delgado does not contest, that the claims asserted by Petitioner in his § 2255 actions were not raised in his direct appeal[2]. Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *See* Mills v. United States, 36 F. 3d 1052, 1055, 56 (llth Cir. 1994). See also, Cross v. United States, 893 F.2d 1287, 1289 (llth Cir. 1990). When a defendant fails to raise an available claim for relief on direct appeal and thus faces a procedural bar, his claim will not be considered in a § 2255 proceeding unless he can show cause for the default and actual prejudice suffered as a result of the alleged error. Mills, 36 F.3d at 1055. Alternatively, a defendant may overcome a procedural bar if he can show a fundamental miscarriage of justice; "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas may grant the writ even in the absence of a showing of cause for the procedural default." Id. (quoting Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). Here, Delgado does not contend that he is actually innocent, but does raise ineffective assistance of counsel claims that may excuse his procedural default.

According to Delgado, his trial counsel provided ineffective assistance of counsel at sentencing because she failed to request that the trial court explain and give a written statement of reasons for sentencing Delgado at the mid-level range in compliance with Section 3553(c)(1).

---

out of the conduct, transaction, or occurrence set forth in the original pleading. Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003).

[2]While Petitioner appears to assert that he attempted to raise the double punishment issue on appeal, a review of the Eleventh Circuit's opinion affirming his conviction clearly reflects that none of the issues advanced in this consolidated action were properly raised before the appeals court.

Delgado further asserts that his appellate counsel also provided ineffective assistance of counsel because he failed to raise trial counsel's error. The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To establish a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test set out by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. Id. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. Id. at 687.

Under the performance component of the Strickland inquiry, a movant must establish that his attorney's performance "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Roe v. Flores-Ortega, 528 U.S. 470, 476, 120 S.Ct. 1029, 145 L.Ed. 2d 985 (2000)(quoting Strickland, 466 U.S. at 687). There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy. Rogers v. Zant, 13 F.3d 384, 386 (llth Cir. 1994); See Strickland, 466 U.S. at 689. Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel at the time of the representation." United States v. Teague, 953 F. 2d 1525, 1535 (llth Cir. 1992); See Strickland, 466 U.S. at 690.

The prejudice component of Strickland focuses on whether counsel's deficient performance

renders the result of the trial unreliable or the proceeding fundamentally unfair. See Strickland, 466 U.S. at 687. Unreliability or unfairness is not established if counsel's assistance did not deprive the defendant of any constitutionally protected right. Williams v. Taylor, 529 U.S. 363, n.17, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000). To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Unless a movant satisfies the showings required on both prongs of the Strickland inquiry, relief should be denied. Strickland, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showing has not been made, it need not decide whether the other one has been. Id. at 697 (a court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one.") Duren v. Hopper, 161 F. 3d 655, 660 (llth Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

Delgado claims that he was denied effective assistance of counsel at his sentencing hearing because his trial counsel failed to impress upon the court its obligation under §3553(c)(1), and as a result, he was unable to challenge any erroneous findings supporting the sentence imposed. Pursuant to 18 U.S.C. § 3553(c)(1), a district court is required to state, in open court, the reason for its particular sentence, and if the sentence "is of the kind, and within the range [recommended by the guidelines,] and that range exceeds 24 months, the reasons for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1). In other words, "a sentencing court should–when stating its reasons for imposing a particular sentence as required by §3553 ( c) --tailor its comments to show that the sentence imposed is appropriate, given the factors to be considered

7

as set forth in §3553(a)." United States v. Bonilla, 463 F.3d 1176, 1181 (llth Cir. 2006)(citing United States v. Parrado, 911 F.2d 1567, 1572 (llth Cir. 1990)).  In Bonilla, the Eleventh Circuit explained that although the court has disapproved of the imposition of sentences with no consideration or mention of the §3553(a) factors,

> " the requirement of §3553(c)(1) does not mean that a sentencing court must incant the specific language used in the guidelines which applies to each reason given, nor does it mean that a court must state that a particular factor is not applicable in a particular case...Indeed, nothing in this Circuit's precedent or Booker requires the district court, in its explanation of sentence under §3553(c)(1), to articulate its consideration of each individual §3553(a) factor, particularly where...it is obvious the court considered many of the §3553(a) factors.

Bonilla, 463 F.3d at 1182 (internal citation and quotations omitted).

The §3553(a) factors to be considered by the district court include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  United States v. Talley, 431 F.3d 784, 786 (llth Cir.  2005); 18 U.S.C. § 3553(a).

In Bonilla, the Eleventh Circuit rejected the defendant's claim that the trial court violated § 3553(c)(1) where after inviting counsel for the government and the defendant to call to the court's attention any matter under 18 U.SC.§ 3553 or otherwise that ought to be

8

considered in arriving at a final and reasonable sentence, the court noted on the record that, "I am satisfied that this sentence is consistent not only with the United States Sentencing Commission's announced policies and guidelines, but that it accords with the array of factors specified at §3553 and adequately reflects the seriousness of the offense,. . . .the sentence being neither greater nor lesser than necessary to achieve the statutory purposes of sentencing." Bonilla, 464 F.3d at 1182.

In the case sub judice, the sentencing transcript reflects that the trial court provided Delgado an opportunity to present mitigation testimony, and that Delgado testified. Additionally, Delgado's counsel argued against an enhancement for obstruction of justice, and raised objections regarding the calculation of his criminal history. In announcing Delgado's sentence, the trial court expressly found that, "The sentence imposed addresses the seriousness of the offense, the sentencing objectives of punishment, deterrence and incapacitation". Accordingly, notwithstanding the fact that the trial court did not articulate its consideration of each individual §3553(a) factor, based upon a careful review of the record, including the arguments and testimony presented at the sentencing, and the sentencing court's express reference to several of the §3553 (a) factors, it is clear that the sentencing court did indeed consider the §3553 (a) factors and complied with his obligation under §3553 (c)(1). Therefore, the fact that Delgado's trial counsel did not solicit the sentencing court's reasons for its sentencing decision did not render trial counsel's performance deficient. Moreover, even if counsel's performance were somehow determined to be deficient, Delgado has failed to establish that he was prejudiced to such an extent that but for the alleged error, the outcome would have been different. Strickland, 466 U.S. at

9

694. Delgado plead guilty to the drug offense, and on appeal, the Eleventh Circuit rejected his argument that he should not have been sentenced at the high end of the sentencing range on the drug charge. The appeals court noted that Delgado admitted in the plea agreement to the large amount of drugs attributable to him, and he did not present any evidence at sentencing to refute the large amount of drugs attributable to him. In the face of these findings, and the evidence presented to the sentencing court, Delgado has come forth with nothing to suggest that the outcome of this case would have been different had his trial counsel solicited the sentencing court's reasons for its sentencing decision. Accordingly, Delgado's ineffective assistance of trial counsel claim lacks merit. It likewise follows that his appellate counsel was not ineffective for failing to raise this nonmeritious claim.

Delgado next contends that his appellate counsel was ineffective because he failed to argue that the sentencing court misapplied the sentencing guidelines in imposing Delgado's sentence for his failure to appear and drug convictions. Delgado's claim is without merit. As noted supra, Delgado was sentenced to 150 months on the underlying drug offense, and was sentenced to 18 months on the failure to appear offense. Delgado appears to argue that he was punished twice for the same conduct- namely failing to appear for sentencing- because he received a two-point enhancement for obstruction of justice on the drug offense, and received a separate, consecutive sentence for the failure to appear offense. Notwithstanding Delgado's assertions to the contrary, the sentencing court did not err in giving him a consecutive sentence; thus, his appellate counsel was not ineffective for failing to raise that issue.

"Impermissible double counting occurs when one part of the guidelines is applied

to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the guidelines." United States v. Dudley, 102 F. 3d 1184, 1186 (llth Cir. 1997). By contrast, the Eleventh Circuit has held that "double counting a factor during sentencing is permissible if the sentencing commission intended the result, and if the result is permissible because each section concerns conceptually separate notions related to sentencing." Id.

Section 3146(b)(2) provides that a sentence imposed for failure to appear must run consecutively to the sentence imposed for another offense. 18 U.S. C. § 3146. In addition, the sentencing guidelines that apply to the offense of failure to appear specifically contemplates grouping offenses together under U.S.S.G. § 3D1.2 (c) to determine "total punishment". The sentencing commission instructed district courts to determine this "total punishment" by enhancing the sentence of the underlying offense pursuant to § 3C1.1, Obstructing or Impeding the Administration of Justice. See U.S.S.G. 2J1.6 application note 3. The resulting "total punishment" was intended to satisfy the requirements of both the sentencing guidelines for multiple counts, found in 5G1.2, and the requirement that the sentence for failure to appear run consecutively to the sentence for the underlying count. See Id.; United States v. Carballo, 142 Fed. Appx. 375, 2005 U.S. App. LEXIS 14036 (the court did not err by splitting the "total punishment" of 56 months into two distinct consecutive sentences.)

In this case, the sentencing court adopted the PSI Reports and determined that the sentence range for the underlying drug conviction was 135 months to 168 months, after adding two points for obstruction of justice. Then, pursuant to U.S.S.G. § 31.2 , the court

11

grouped the drug offense with the failure to appear sentence and determined that 168 months was the "total punishment". The court then split the "total punishment" into two, distinct, consecutive sentences, namely 150 months for the drug offense, and 18 months for the failure to appear conviction. In doing so, the court did not double count impermissibly or otherwise, because it did not take into account the conduct underlying the failure to appear more than once. Double counting would have only occurred had the court combined the 135-168 month range for the drug offense with the 18-24 month range for the failure to appear case to reach a total range of 153 months to 192 months. See United States v. Barrios, 136 Fed. Appx. 238, 2005 U.S. App. LEXIS 10866. Instead, the court properly grouped the offenses to obtain the "total punishment" of 168 months, and then sentenced Delgado accordingly. As a result, Delgado cannot establish that his appellate counsel was ineffective for failing to raise this nonmeritous issue.

.
**III.  Conclusion**

For the reasons set forth above, it is the opinion of the Magistrate Judge that Petitioner's petition for relief under 18 U.S.C. §2255 be **DENIED**. It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this **31st** day of **January 2007.**

                                                **/S/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

    1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

    2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

    3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a

Case 1:00-cr-00152-WS-S   Document 47   Filed 02/01/07   Page 14 of 14

judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

.

                                                     **/S/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**